**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Court No. |
| | ) | |
| EVANS DELIVERY COMPANY, INC. d/b/a | ) | |
| LAND TRANSPORTATION, VIPER TRAN, | ) | |
| INC., PEDRAG RODISAVLJEVIC,  CYNTHIA | ) | |
| KROFT, MARK KROFT | ) | |
| | ) | |
| Defendants. | ) | |

## GREAT WEST CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, GREAT WEST CASUALTY COMPANY ("GREAT WEST"), by and through its attorneys, ORLEANS CANTY NOVY, LLC, and as and for its Complaint for Declaratory Judgment against Defendants, EVANS DELIVERY COMPANY, INC. d/b/A LAND TRANSPORTATION ("EVANS"), VIPER TRAN, INC. ("VIPER"), PEDRAG RODISAVLJEVIC ("RODISAVLJEVIC"), CYNTHIA KROFT, and MARK KROFT states as follows:

1.      This Declaratory Judgment Complaint is brought pursuant to Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201 and involves the respective rights and duties between GREAT WEST and EVANS arising out of a personal injury complaint filed by CYNTHIA AND MARK KROFT (the "Krofts") in the Circuit Court of Cook County, Illinois under Court No. 2016 L 9466, and the application of a policy of insurance issued by GREAT WEST to VIPER, more fully described below.  A true and correct certified copy of the GREAT WEST policy of insurance is attached hereto as Exhibit "A."

1

2.　　On May 11, 2016, CYNTHIA KROFT was allegedly involved in a motor vehicle incident with RODISAVLJEVIC on northbound Route 49, at or near the intersection of Gateway Boulevard, Chesterton, Porter County, Indiana. A true and correct copy of Kroft's Amended Complaint is attached hereto as Exhibit "B," and is hereinafter referred to the "underlying Amended Complaint."

3.　　In this Declaratory Judgment action, GREAT WEST seeks a declaration that under the policy of insurance issued to VIPER, policy No. GWP84308F, with effective dates of January 1, 2016 to January 1, 2017 (the "policy"), it does not owe EVANS and LAND TRANSPORTATION (the business name under which EVANS purportedly does business) a duty to defend and indemnify, or to pay settlements or judgments relative to underlying Amended Complaint.

4.　　On January 29, 2018, EVANS issued correspondence to GREAT WEST tendering its defense and indemnification. A true and correct copy of the EVANS tender letter is attached hereto as Exhibit "C."

5.　　On April 17, 2018, GREAT WEST issued correspondence to EVANS denying its tender of defense and indemnification and setting forth the reasons coverage is declined. A true and correct copy of the GREAT WEST response to EVANS' tender letter is attached hereto as Exhibit "D."

## THE PARTIES

6.　　At all relevant times, GREAT WEST, a Nebraska domiciled insurance company, and a citizen of Nebraska, has been engaged in the business of writing various types of lines of insurance, including Commercial Automobile Liability Insurance, in several states, including Illinois.

2

7.     At all relevant times, VIPER, was and is, a licensed motor carrier, engaged in the business of transporting products via tractor-trailer, incorporated in the State of Illinois, located at 200 E. Lake St., #300, Addison, Illinois 601011, and is a citizen of the State of Illinois. VIPER is named as a necessary and interested party.

8.     GREAT WEST issued a policy of insurance to VIPER, for automobile liability coverage, policy No. GWP84308F, with effective dates of January 1, 2016 to January 1, 2017. Ex. A.

9.     At all relevant times, EVANS, a Pennsylvania domiciled company, and a citizen of Pennsylvania was and is, a licensed freight broker engaged in he business of arrangement of transportation of goods by motor carrier on behalf of Shippers.   EVANS's principal place of business is W. Columbia St., Schuylkill Haven, Pennsylvania 17972.   It purportedly does business under the name, LAND TRANSPORTATION.

10.     At all relevant times, RODISAVLJEVIC was a citizen of the State of Illinois residing at 8450 W. 95th Street, Hickory Hills, Illinois 60457.   RODISAVLJEVIC is named as a necessary and interested party.

11.     At all relevant times, CYNTHIA KROFT was a citizen of the State of Indiana residing at 5101 Lynn Lane, Valparaiso, Indiana 46383.   CYNTHIA KROFT is named as a necessary and interested party.

12.     At all relevant times, MARK KROFT was a citizen of the State of Indiana residing at 5101 Lynn Lane, Valparaiso, Indiana 46383.   MARK KROFT is named as a necessary and interested party.

**JURISDICTION/VENUE**

13.     28 U.S.C. § 1332 provides that:

3

    (a)    The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between

        (1) citizens of different states;

        (2) citizens of a State and citizens or subjects of a foreign state . . .

14.    GREAT WEST is a citizen of the State of Nebraska.

15.    EVANS is a citizen of the State of Pennsylvania.

16.    VIPER is a citizen of the State of Illinois.

17.    RODISAVLJEVIC is a citizen of the State of Illinois.

18.    CYNTHIA KROFT is a citizen of the State of Indiana.

19.    MARK KROFT is a citizen of the State of Indiana.

20.    Consequently, diversity of citizenship exists between Plaintiff and Defendants.

21.    The underlying Amended Complaint is an action for civil damages premised in negligence and violations of the Illinois Motor Vehicle Code and the Federal Motor Carrier Safety Act. The Krofts do not specify a dollar amount of damages in the underlying Amended Complaint; however the underlying Amended Complaint contains twenty-two Counts, each seeking monetary relief.

22.    CYNTHIA KROFT alleges that as a result of the subject incident, she "sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other expenses; suffered and will suffer physical pain, mental suffering, terror, freight, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature." (Ex. B).

4

23.     MARK KROFT alleges that as a result of the subject incident, he, as the husband of CYNTHIA KROFT, sustained "the loss of services, consortium and society." (Ex. B).

24.     Therefore, although not specifically demanded on the face of the underlying Amended Complaint, GREAT WEST reasonably believes, based on the allegations of CYNTHIA KROFT and MARK KROFT, that the amount sought in the underlying Amended Complaint exceeds $75,000, exclusive of interest and costs, which therefore gives rise to an insurance coverage controversy in excess of the jurisdictional limit.

25.     28 U.S. Code § 1391 provides in part:

(b) Venue in General. - A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

26.     Three Defendants reside in Cook County, Illinois.

27.     The Northern District of Illinois is the appropriate venue for this action.

**THE PERTINENT ALLEGATIONS OF THE UNDERLYING AMENDED COMPLAINT**

28.     On December 1, 2017, CYNTHIA KROFT and MARK KROFT filed their Amended Complaint at Law in the Circuit Court of Cook County, Illinois, under Court No. 2016 L 009466 against the VIPER and EVANS, among others, seeking damages for injuries to CYNTHIA KROFT on May 11, 2016 due to a motor vehicle incident. (Ex. B)

29.     It is alleged in the underlying Amended Complaint that on December 1, 2017, RODISAVLJEVIC was driving under VIPER'S federal motor carrier authority and as agent of VIPER, and that he negligently operated his tractor-trailer causing him to rear-end CYNTHIA KROFT. (Ex. B at Counts at I and II)

30. Further, the underlying Amended Complaint alleges that EVANS negligently hired, entrusted, instructed, supervised and retained RODISAVLJEVIC, and other Defendants. (Ex. B at Counts XV and XXI).

## THE CERTIFICTE OF INSURANCE AND POLICY DO NOT CONFER COVERAGE

31. GREAT WEST issued a policy of insurance to VIPER, policy No. GWP84308F, with effective dates of January 1, 2016 to January 1, 2017. (Ex. A).

32. On information and belief, VIPER's insurance producer issued a certain Certificate of Insurance, identifying the GREAT WEST policy as the policy of Commercial Automobile liability insurance issued to VIPER. A true and correct copy of the Certificate of Insurance dated May 10, 2016 is contained is attached hereto as Exhibit "E."

33. EVANS is identified as a certificate holder. (Ex. E).

34. The Certificate of Insurance states on its face, in pertinent part, as follows:

> **THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVES OR PRODUCER, AND THE CERTIFICATE HOLDER.**

(Ex. E) (emphasis added).

35. EVANS is not conferred coverage based on the Certificate of Insurance because, as a matter of law, the Certificate of Insurance confers no rights on EVANS; rather its rights, if any, are determined by the terms and conditions of the policy.

36. With regard to the policy, in pertinent part, it states:

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A. COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*

We have the right and duty to defend any "insured" against a "suit" asking for such damages....However, we have not duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"...to which this insurance does not apply.

\*\*\*

**1. WHO IS AN INSURED**

The following are "insureds":

a.  You for any covered "auto".

b.  Anyone else while using with your permission a covered "auto" you own hire or borrow…

c.  The owner or anyone else from whom you hire or borrow a covered "auto" that is a trailer…

d.  The lessor or a covered "auto"….

\*\*\*

**LIABILITY EXCLUSION – BROKER OR FREIGHT FORWARDER OPERATIONS**

This endorsement modifies the insurance provided under the following:

COMMERICAL AUTO COVERAGE PART

\*\*

Named Insured

VIPER TRANS INC.

\*\*

Covered Autos Liability Coverage shall not apply to transportation broker or freight forwarder operations of the "insured".

(Ex. A).

37.     EVANS is not entitled to coverage under the policy because it is not an insured or additional insured, by definition, endorsement or otherwise, under the policy.

**THE EVANS/VIPER AGREEMENT DOES NOT CONFER COVERAGE**

38.     EVANS and VIPER entered into a Transportation Agreement on September 15, 2014. A true and correct copy of the Agreement is attached hereto as Exhibit "F."

39.     Paragraph 12 of the Agreement, states:

> Carrier Liability/Indemnification: Carrier shall, not subject to the insurance limits set forth at Section 12 [sic] of this Agreement, defend indemnify and hold Broker and Broker's Customers and their (Broker and Broker's Customers) subsidiaries, officers, directors and employees harmless from any direct indirect or consequential loss, damage, delay fine, expense, including reasonable attorney's fees, arising from, or in connection with the services provided by Carrier....

(Ex. F).

40.     EVANS is not entitled to defense and indemnification based on the Transportation Agreement because the "Carrier Liability/Indemnification" clause is void as a matter of law because it seeks to indemnify EVANS from any loss or damage caused by its alleged own acts or omissions (as set forth in Counts XV and XXI of the underlying Amended Complaint).

41.     An actual controversy exists between GREAT WEST and VIPER, because EVANS is not entitled to coverage, defense or indemnification, by GREAT WEST, in connection with the underlying Amended Complaint.

42.     Under the provisions of Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201, this Court is vested with the authority to declare and adjudicate the rights and liabilities of the parties hereto, and to order such other relief as it deems necessary and proper.

WHEREFORE, Plaintiff, GREAT WEST, respectfully requests that this Honorable Court enter a declaratory judgment in its favor, finding and declaring that:

a.   GREAT WEST CASUALTY COMPANY does not afford coverage, including a duty to defend and indemnify, EVANS and LAND TRANSPORTATION, in connection with the claim and suit for personal injuries and damages brought by Cynthia Kroft and Mark Kroft against Viper Trans. Inc. and others under case number 16 L 09466 in the Circuit Court of Cook County arising from the May 11, 2016 motor vehicle collision in Chesterton, Indiana;

b.   GREAT WEST CASUALTY COMPANY does not have a duty to pay judgments and/or settlement on behalf of EVANS and LAND TRANSPORTATION, in connection with the claim and suit for personal injuries and damages brought by Cynthia Kroft and Mark Kroft against Viper Trans. Inc. and others under case number 16 L 09466 in the Circuit Court of Cook County arising from the May 11, 2016 motor vehicle collision in Chesterton, Indiana

Additionally, Plaintiff, GREAT WEST CASUALTY COMPAY seeks and award of costs and any further relief this Honorable Court deems just and equitable.

Respectfully submitted,
GREAT WEST CASUALTY COMPANY,
Plaintiff

By: /s/ *Bradley A. Bertkau*
One of Its Attorneys

Bradley A. Bertkau (ARDC #6295889)
bbertkau@ocnlaw.com
Jason Orleans (ARDC #6258048)
jorleans@ocnlaw.com
ORLEANS CANTY NOVY, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL 60085
Telephone: (847) 625-8200
Facsimile:  (847) 625-8262