EXHIBIT

B

EL... ...201. 10:40 AM
2016-L-009466
CALENDAR: H
PAGE 1 of 52
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

Attorney No. 58118

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CYNTHIA KROFT and
MARK KROFT,                                        )
                                                   )
                  Plaintiffs,                      )
                                                   )
          v.                                       )        NO. 16 L 09466
                                                   )        JURY TRIAL DEMANDED
VIPER TRANS, INC., an Illinois corp.,              )
PR RENTAL, INC., an Illinois corp.,               )
PREDRAG RADISAVLJEVIC,                             )
an Illinois resident, individually and as          )
employee, agent and/or servant of                 )
VIPER TRANS, INC. and PR RENTAL,                   )
INC., KRAFT FOOD GROUPS, INC.,                     )
KRAFT HEINZ FOODS COMPANY,                         )
LAND TRANSPORTATION (Division                      )
Of Evans Delivery Company, Inc.), and             )
EVANS DELIVERY COMPANY, INC.,                      )
                                                   )
                  Defendants.                      )

## AMENDED COMPLAINT AT LAW

### Count I – Cynthia - Willful & Wanton - Viper Trans, Inc.

NOW COMES CYNTHIA KROFT (hereinafter "Cynthia"), by counsel KENNETH J. LAW GROUP, LLC, and for Count I of her Complaint against VIPER TRANS, INC. (hereinafter "Viper") alleges and states as follows:

1.      At all times relevant herein, Viper was and is an interstate motor carrier operating within the State of Illinois.

2.      At all times relevant herein, Viper had entered into and was working pursuant to an agreement with Cook County-based PR Rental, Inc. (hereinafter "PRR"), for the mutual benefit of Viper and PRR.

3. At all times relevant herein, Predrag Radisavljevic (hereinafter, "Radisavljevic"), was a professional truck driver and a resident of the County of Cook, State of Illinois.

4. On May 11, 2016, Cynthia was driving a 2002 Ford Taurus northbound on Route 49.

5. On May 11, 2016, Radisavljevic was operating a tractor-trailer (hereinafter, "tractor-trailer") northbound on Route 49.

6. On May 11, 2016, Radisavljevic was operating under VIPER's motor carrier operating authority and displaying its logo and U.S. DOT number 2086838.

7. On and before May 11, 2016, VIPER was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and owed Cynthia, and others on the roadway a duty to use reasonable care in the inspection, maintenance and repair of the tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

8. At all times relevant herein, there was in full force and effect in the State of Illinois a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

9. On May 11, 2016, VIPER breached the foregoing duties and was willful and wanton in one or more of the following respects, *inter alia*:

    (A)    VIPER did not systematically inspect, repair and maintain said tractor-trailer subject to its control in violation of Part 396 of the FMCSRs;

    (B)    VIPER did not cause the tractor-trailer subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

    (C)    VIPER did not obtain Radisavljevic's complete application for employment in violation of Part 391 of the FMCSRs;

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 2 of 52

2

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 3 of 52

(D)    VIPER did not require Radisavljevic to comply with the duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

(E)    VIPER encouraged Radisavljevic to violate the FMCSRs in violation of Part 390 of the FMCSRs;

(F)    VIPER did not maintain records and documents as required under Part 390 of the FMCSRs;

(G)    VIPER improperly maintained records and documents in violation of Part 390 of the FMCSRs;

(H)    VIPER did not maintain a complete driver's qualification file for Radisavljevic in violation of Part 391 of the FMCSRs;

(I)    VIPER improperly maintained a driver's qualification file for Radisavljevic in violation of Part 391 of the FMCSRs;

(J)    VIPER required Radisavljevic to operate its tractor-trailer, while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FMCSRs;

(K)    VIPER did not adequately train Radisavljevic when reasonable training would have equipped Radisavljevic with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(L)    VIPER did not train Radisavljevic on defensive driving techniques, including proper space management;

(M)    VIPER did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FMCSRs;

(N)    VIPER did not inspect or require Radisavljevic to inspect the brakes and slack adjusters on his tractor-trailer as required by Part 396 of the FMCSRs;

(O)    VIPER did not maintain the brakes on its tractor-trailer as required by Part 393 of the FMCSRs;

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 4 of 52

(P)    VIPER operated without adequate safety management controls;

(Q)    VIPER selected PRR who it knew or should have known was not a careful and competent motor carrier;

(R)    VIPER did not monitor and supervise PRR's work;

(S)    VIPER aided and abetted Radisavljevic's violation of the FMCSRs; and/or

(T)    VIPER failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

10.    As a direct and proximate result of VIPER's willfulness and wantonness, Cynthia's car was violently crashed into from the rear while she was lawfully stopped for the traffic signal.

11.    As a direct and proximate result of the foregoing acts and omissions, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, CYNTHIA KROFT, respectfully requests a judgment against defendant, VIPER TRANS, INC., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## Count II – Cynthia- *Respondeat Superior* - VIPER TRANS, INC.

NOW COMES CYNTHIA KROFT (hereinafter "Cynthia"), by counsel KENNETH J. LAW GROUP, LLC, and for Count II of her Complaint against VIPER TRANS, INC.

4

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 5 of 52

(hereinafter "VIPER") alleges and states as follows:

1.　　　At all times relevant herein, PREDRAG RADISAVLJEVIC (herein "Radisavljevic") was and is a resident of the State of Illinois and a professional truck driver operating within Cook County, Illinois.

2.　　On May 11, 2016, Cynthia was driving a 2002 Ford Taurus northbound on Route 49 and was lawfully stopped for the traffic signal at the intersection with Gateway Boulevard.

3.　　On May 11, 2016, Radisavljevic was operating a tractor-trailer (hereinafter "tractor-trailer") northbound on Route 49.

4.　　On and before May 11, 2016, Radisavljevic was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's) and owed Cynthia and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

5.　　On May 11, 2016, Radisavljevic breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

(A)　　Radisavljevic drove his tractor-trailer at a speed which was greater than reasonable and proper;

(B)　　Radisavljevic failed to keep a proper lookout for other vehicles upon the roadway;

(C)　　Radisavljevic operated the tractor-trailer while distracted;

(D)　　Radisavljevic disregarded the traffic control device;

(E)　　Radisavljevic did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

(F)　　Radisavljevic operated his truck at an unreasonable speed given the extant road and traffic conditions;

5

(G)     Radisavljevic failed to timely apply his brakes;

(H)     Radisavljevic failed to take evasive maneuvers to avoid a collision;

(I)     Radisavljevic failed to properly maintain his tractor-trailer, including the brakes and steering components; and/or

(J)     Radisavljevic failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6.      As a direct and proximate result of Radisavljevic's negligence, Cynthia's car was violently struck in the rear while she was lawfully stopped for the traffic signal.

7.      As a direct and proximate result of the foregoing collision, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

8.      At the time of the foregoing collision on May 11, 2016 and at all relevant times herein, Radisavljevic was subject to VIPER's control, acting pursuant to its directions and commands, and utilizing VIPER's operating authority and equipment, including the tractor-trailer displaying VIPER's logos, for VIPER's pecuniary benefit. VIPER is therefore vicariously liable for Radisavljevic's negligence.

WHEREFORE, the Plaintiff, CYNTHIA KROFT, respectfully requests a judgment against defendant, VIPER TRANS, INC., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 6 of 52

**Count III – Cynthia - Willful & Wanton – PR Rental, Inc.**

NOW COMES CYNTHIA KROFT (hereinafter "Cynthia"), by counsel **KENNETH J. LAW GROUP, LLC**, and for Count III of her Complaint against PR Rental, Inc. (hereinafter "PRR") alleges and states as follows:

1.     At all times relevant herein, PRR was and is a motor carrier headquartered and operating from and within Cook County, Illinois.

2.     At all times relevant herein, Predrag Radisavljevic (hereinafter, "Radisavljevic"), was a professional truck driver and a resident of the County of Cook, State of Illinois.

3.     At all times relevant herein, PRR had entered into and was working pursuant to an agreement with Viper Trans, Inc. (hereinafter "VIPER"), for the mutual benefit of PRR and VIPER.

4.     On May 11, 2016, Cynthia was driving a 2002 Ford Taurus northbound on Route 49 and was lawfully stopped for a traffic signal at the intersection with Gateway Boulevard.

5.     On May 11, 2016, Radisavljevic was operating a tractor-trailer (hereinafter, "tractor-trailer") northbound on Route 49 near its intersection with Gateway Boulevard.

6.     On May 11, 2016, Radisavljevic was operating the tractor-trailer under VIPER's motor carrier operating authority for the mutual benefit of PRR and Viper.

7.     On and before May 11, 2016, PRR was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and owed Cynthia, and others on the roadway a duty to use reasonable care in the inspection, maintenance and repair of the Tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 7 of 52

7

8.     At all times relevant herein, there was in full force and effect in the State of Illinois a statute incorporating by reference, *inter alia,* Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

9.     On May 11, 2016, PRR breached the foregoing duties and was willful and wanton in one or more of the following respects, *inter alia:*

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 8 of 52

(A)     PRR did not systematically inspect, repair and maintain said tractor-trailer subject to its control in violation of Part 396 of the FMCSRs;

(B)     PRR did not cause the tractor-trailer subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

(C)     PRR did not obtain Radisavljevic's complete application for employment in violation of Part 391 of the FMCSRs;

(D)     PRR did not require Radisavljevic to comply with the duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

(E)     PRR encouraged Radisavljevic to violate the FMCSRs in violation of Part 390 of the FMCSRs;

(F)     PRR did not maintain records and documents as required under Part 390 of the FMCSRs;

(G)     PRR improperly maintained records and documents in violation of Part 390 of the FMCSRs;

(H)     PRR did not maintain a complete driver's qualification file for Radisavljevic in violation of Part 391of the FMCSRs;

(I)     PRR improperly maintained a driver's qualification file for Radisavljevic in violation of Part 391 of the FMCSRs;

(J)     PRR required Radisavljevic to operate its tractor-trailer, while said driver's ability or alertness was so impaired as to make it unsafe for him to continue

to operate it in violation of Part 392 of the FMCSRs;

(K)     PRR did not adequately train Radisavljevic when reasonable training would have equipped Radisavljevic with the knowledge and skill to operate and maintain the Tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(L)     PRR did not train Radisavljevic on defensive driving techniques, including proper space management;

(M)    PRR did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FMCSRs;

(N)     PRR did not inspect or require Radisavljevic to inspect the brakes and slack adjusters on his tractor-trailer as required by Part 396 of the FMCSRs;

(O)     PRR did not maintain the brakes on its tractor-trailer as required by Part 393 of the FMCSRs;

(P)     PRR operated without adequate safety management controls;

(Q)     PRR aided and abetted Radisavljevic's violation of the FMCSRs; and/or

(R)     PRR failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

10.     As a direct and proximate result of PRR's willfulness and wantonness, Cynthia's car was violently struck in the rear while she was lawfully stopped for the traffic signal.

11.     As a direct and proximate result of the foregoing crash, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life;

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 9 of 52

disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, CYNTHIA KROFT, respectfully requests a judgment against defendant, PR RENTAL, INC., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count IV – Cynthia- *Respondeat Superior* – PR Rental, Inc.

NOW COMES CYNTHIA KROFT (hereinafter "Cynthia"), by counsel KENNETH J. LAW GROUP, LLC, and for Count IV of her Complaint against PR RENTAL, INC. (hereinafter "PRR") alleges and states as follows:

1. At all times relevant herein, PREDRAG RADISAVLJEVIC (herein "Radisavljevic") was and is a resident of the County of Cook, State of Illinois and a professional truck driver operating from and within Cook County, Illinois.

2. On May 11, 2016, Cynthia was driving a 2002 Ford Taurus northbound on Route 49 and was lawfully stopped for the traffic signal at its intersection with Gateway Boulevard.

3. On May 11, 2016, Radisavljevic was operating PRR's tractor-trailer (hereinafter "tractor-trailer") northbound on Route 49, near its intersection with Gateway Boulevard.

4. On and before May 11, 2016, Radisavljevic was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's) and owed Cynthia and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the Tractor-trailer he was operating.

5. On May 11, 2016, Radisavljevic breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

(A) Radisavljevic drove his tractor-trailer at a speed which was greater than reasonable and proper;

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 10 of 52

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 11 of 52

(B)     Radisavljevic failed to keep a proper lookout for other vehicles upon the roadway;

(C)     Radisavljevic operated the tractor-trailer while distracted;

(D)     Radisavljevic disregarded the traffic control device;

(E)     Radisavljevic did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

(F)     Radisavljevic operated his truck at an unreasonable speed given the extant road and traffic conditions;

(G)     Radisavljevic failed to timely apply his brakes;

(H)     Radisavljevic failed to take evasive maneuvers to avoid a collision;

(I)     Radisavljevic failed to properly maintain his tractor-trailer, including the brakes and steering components; and/or

(J)     Radisavljevic failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6.      As a direct and proximate result of Radisavljevic's negligence, Cynthia's car was violently struck in the rear while she was lawfully stopped for the traffic signal.

7.      As a direct and proximate result of the foregoing collision, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

8.      At the time of the foregoing collision on May 11, 2016 and at all relevant times

11

herein, Radisavljevic was subject to PRR's control, acting pursuant to its directions and commands, and utilizing PRR's tractor-trailer, for the joint pecuniary benefit of PRR and Viper Trans, Inc. PRR is therefore vicariously liable for Radisavljevic's negligence.

WHEREFORE, the Plaintiff, CYNTHIA KROFT, respectfully requests a judgment against defendant, PR RENTAL, INC., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count V – Cynthia - Negligence - Predrag Radisavljevic

NOW COMES CYNTHIA KROFT (hereinafter "Cynthia"), by counsel **KENNETH J. LAW GROUP, LLC**, and for Count V of her Complaint against PREDRAG RADISAVLJEVIC (hereinafter "Radisavljevic") alleges and states as follows:

1.    At all times relevant herein, Radisavljevic was and is a resident of Cook County, Illinois and a professional truck driver operating from Viper Trans, Inc.'s ("Viper") Illinois terminal.

2.    On May 11, 2016, Cynthia was driving a 2002 Ford Taurus northbound on Route 49 and was lawfully stopped at the traffic signal at the intersection with Gateway Boulevard.

3.    On May 11, 2016, Radisavljevic was operating a tractor-trailer (hereinafter, "tractor-trailer") northbound on Route 49 near the intersection with Gateway Boulevard.

4.    On and before May 11, 2016, Radisavljevic was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's) and owed Cynthia, and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

5.    On May 11, 2016, Radisavljevic breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

(A)    Radisavljevic drove his tractor-trailer at a speed which was greater than reasonable and proper;

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 12 of 52

12

(B)    Radisavljevic failed to keep a proper lookout for other vehicles upon the roadway;

(C)    Radisavljevic continued to operate the tractor-trailer while distracted;

(D)    Radisavljevic disregarded the traffic control device;

(E)    Radisavljevic did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

(F)    Radisavljevic operated his truck at an unreasonable speed given the extant road and traffic conditions;

(G)    Radisavljevic failed to timely apply his brakes;

(H)    Radisavljevic failed to take evasive maneuvers to avoid a collision;

(I)    Radisavljevic failed to properly maintain his tractor-trailer, including the brakes and steering components; and/or

(J)    Radisavljevic failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 13 of 52

6.    As a direct and proximate result of Radisavljevic's negligence, Cynthia's car was violently struck in the rear while she was lawfully stopped for the traffic signal.

7.    As a direct and proximate result of the foregoing collision, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, CYNTHIA KROFT, respectfully requests a judgment

13

against defendant, PREDRAG RADISAVLJEVIC, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count VI – Mark – Loss of Consortium - Willful & Wanton - Viper Trans, Inc.

NOW COMES MARK KROFT (hereinafter "Mark"), by counsel KENNETH J. LAW GROUP, LLC, and for Count VI of his Complaint against VIPER TRANS, INC. (hereinafter "Viper") alleges and states as follows:

1.     At all times relevant herein, Viper was and is an interstate motor carrier operating from and within the State of Illinois.

2.     At all times relevant herein, Viper had entered into and was working pursuant to an agreement with Cook County-based PR Rental, Inc. (hereinafter "PRR"), for the mutual benefit of Viper and PRR.

3.     At all times relevant herein, Predrag Radisavljevic (hereinafter, "Radisavljevic"), was a professional truck driver and a resident of the County of Cook, State of Illinois.

4.     On May 11, 2016, Cynthia Kroft (hereinafter, "Cynthia") was driving a 2002 Ford Taurus northbound on Route 49.

5.     On May 11, 2016, Radisavljevic was operating a tractor-trailer (hereinafter, "tractor-trailer") northbound on Route 49.

6.     On May 11, 2016, Radisavljevic was operating under VIPER's motor carrier operating authority and displaying its logo and U.S. DOT number 2086838.

7.     On and before May 11, 2016, VIPER was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and owed Cynthia, and others on the roadway a duty to use reasonable care in the inspection, maintenance and repair of the tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 14 of 52

14

chosen to operate it.

    8.    At all times relevant herein, there was in full force and effect in the State of Illinois a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

    9.    On May 11, 2016, VIPER breached the foregoing duties and was willful and wanton in one or more of the following respects, *inter alia*:

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 15 of 52

    (A)    VIPER did not systematically inspect, repair and maintain said tractor-trailer subject to its control in violation of Part 396 of the FMCSRs;

    (B)    VIPER did not cause the tractor-trailer subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

    (C)    VIPER did not obtain Radisavljevic's complete application for employment in violation of Part 391 of the FMCSRs;

    (D)    VIPER did not require Radisavljevic to comply with the duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

    (E)    VIPER encouraged Radisavljevic to violate the FMCSRs in violation of Part 390 of the FMCSRs;

    (F)    VIPER did not maintain records and documents as required under Part 390 of the FMCSRs;

    (G)    VIPER improperly maintained records and documents in violation of Part 390 of the FMCSRs;

    (H)    VIPER did not maintain a complete driver's qualification file for Radisavljevic in violation of Part 391of the FMCSRs;

    (I)    VIPER improperly maintained a driver's qualification file for Radisavljevic in violation of Part 391 of the FMCSRs;

    (J)    VIPER required Radisavljevic to operate its tractor-trailer, while said

driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FMCSRs;

(K)     VIPER did not adequately train Radisavljevic when reasonable training would have equipped Radisavljevic with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(L)     VIPER did not train Radisavljevic on defensive driving techniques, including proper space management;

(M)     VIPER did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FMCSRs;

(N)     VIPER did not inspect or require Radisavljevic to inspect the brakes and slack adjusters on his tractor-trailer as required by Part 396 of the FMCSRs;

(O)     VIPER did not maintain the brakes on its tractor-trailer as required by Part 393 of the FMCSRs;

(P)     VIPER operated without adequate safety management controls;

(Q)     VIPER selected PRR who it knew or should have known was not a careful and competent motor carrier;

(R)     VIPER did not monitor and supervise PRR's work;

(S)     VIPER aided and abetted Radisavljevic's violation of the FMCSRs; and/or

(T)     VIPER failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

10.     As a direct and proximate result of VIPER's willfulness and wantonness, Cynthia's car was violently crashed into from the rear while she was lawfully stopped for the traffic signal.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 16 of 52

16

11.     As a direct and proximate result of the foregoing crash, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

12.     At all relevant times, Mark was the husband of Cynthia.

13.     As a further proximate result of one or more of the above stated acts or omissions, Mark sustained the loss of services, consortium and society of his wife, Cynthia.

WHEREFORE, the Plaintiff, MARK KROFT, respectfully requests a judgment against defendant, VIPER TRANS, INC., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

**Count VII – Mark – Loss of Consortium - *Respondeat Superior* – Viper Trans**

NOW COMES MARK KROFT (hereinafter "Mark"), by counsel KENNETH J. LAW GROUP, LLC, and for Count VII of his Complaint against VIPER TRANS, INC. (hereinafter "VIPER") alleges and states as follows:

1.     At all times relevant herein, PREDRAG RADISAVLJEVIC (herein "Radisavljevic") was and is a resident of the State of Illinois and a professional truck driver operating within Cook County, Illinois.

2.     On May 11, 2016, Cynthia Kroft (hereinafter, "Cynthia") was driving a 2002 Ford Taurus northbound on Route 49 and was lawfully stopped for the traffic signal at the intersection with Gateway Boulevard.

3.     On May 11, 2016, Radisavljevic was operating a tractor-trailer (hereinafter "tractor-trailer") northbound on Route 49.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 17 of 52

4. On and before May 11, 2016, Radisavljevic was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's) and owed Cynthia and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the Tractor-trailer he was operating.

5. On May 11, 2016, Radisavljevic breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 18 of 52

(A)     Radisavljevic drove his tractor-trailer at a speed which was greater than reasonable and proper;

(B)     Radisavljevic failed to keep a proper lookout for other vehicles upon the roadway;

(C)     Radisavljevic operated the tractor-trailer while distracted;

(D)     Radisavljevic disregarded the traffic control device;

(E)     Radisavljevic did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

(F)     Radisavljevic operated his truck at an unreasonable speed given the extant road and traffic conditions;

(G)     Radisavljevic failed to timely apply his brakes;

(H)     Radisavljevic failed to take evasive maneuvers to avoid a collision;

(I)     Radisavljevic failed to properly maintain his tractor-trailer, including the brakes and steering components; and/or

(J)     Radisavljevic failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6. As a direct and proximate result of Radisavljevic's negligence, Cynthia's car

18

was violently struck in the rear while she was lawfully stopped for the traffic signal.

7.    As a direct and proximate result of the foregoing collision, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

8.    At the time of the foregoing collision on May 11, 2016 and at all relevant times herein, Radisavljevic was subject to VIPER's control, acting pursuant to its directions and commands, and utilizing VIPER's operating authority and equipment, including the Tractor-trailer displaying VIPER's logos, for VIPER's pecuniary benefit. VIPER is therefore vicariously liable for Radisavljevic's negligence.

9.    At all relevant times, Mark was the husband of Cynthia.

10.    As a further proximate result of one or more of the above stated acts or omissions, Mark sustained the loss of services, consortium and society of his wife, Cynthia.

WHEREFORE, the Plaintiff, MARK KROFT, respectfully requests a judgment against defendant, VIPER TRANS, INC., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

**Count VIII – Mark – Loss of Consortium - Willful & Wanton – PR Rental, Inc.**

NOW COMES MARK KROFT (hereinafter "Mark"), by counsel KENNETH J. LAW GROUP, LLC, and for Count VIII of his Complaint against PR Rental, Inc. (hereinafter "PRR") alleges and states as follows:

1.    At all times relevant herein, PRR was and is a motor carrier headquartered and operating from and within Cook County, Illinois.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 19 of 52

19

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 20 of 52

2.　　At all times relevant herein, Predrag Radisavljevic (hereinafter, "Radisavljevic"), was a professional truck driver and a resident of the County of Cook, State of Illinois.

3.　　At all times relevant herein, PRR had entered into and was working pursuant to an agreement with VIPER, for the mutual benefit of PRR and Viper Trans, Inc. (hereinafter "VIPER").

4.　　On May 11, 2016, Cynthia (hereinafter, "Cynthia") was driving a 2002 Ford Taurus northbound on Route 49 and was lawfully stopped for a traffic signal at the intersection with Gateway Boulevard.

5.　　On May 11, 2016, Radisavljevic was operating a tractor-trailer (hereinafter, "tractor-trailer") northbound on Route 49 near its intersection with Gateway Boulevard.

6.　　On May 11, 2016, Radisavljevic was operating the tractor-trailer under VIPER's motor carrier operating authority for the mutual benefit of PRR and Viper.

7.　　On and before May 11, 2016, PRR was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and owed Cynthia, and others on the roadway a duty to use reasonable care in the inspection, maintenance and repair of the Tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

8.　　At all times relevant herein, there was in full force and effect in the State of Illinois a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

9.　　On May 11, 2016, PRR breached the foregoing duties and was willful and wanton in one or more of the following respects, *inter alia*:

(A)　PRR did not systematically inspect, repair and maintain said tractor-trailer subject to its control in violation of Part 396 of the FMCSRs;

20

(B)    PRR did not cause the tractor-trailer subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

(C)    PRR did not obtain Radisavljevic's complete application for employment in violation of Part 391 of the FMCSRs;

(D)    PRR did not require Radisavljevic to comply with the duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

(E)    PRR encouraged Radisavljevic to violate the FMCSRs in violation of Part 390 of the FMCSRs;

(F)    PRR did not maintain records and documents as required under Part 390 of the FMCSRs;

(G)    PRR improperly maintained records and documents in violation of Part 390 of the FMCSRs;

(H)    PRR did not maintain a complete driver's qualification file for Radisavljevic in violation of Part 391of the FMCSRs;

(I)    PRR improperly maintained a driver's qualification file for Radisavljevic in violation of Part 391 of the FMCSRs;

(J)    PRR required Radisavljevic to operate its tractor-trailer, while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FMCSRs;

(K)    PRR did not adequately train Radisavljevic when reasonable training would have equipped Radisavljevic with the knowledge and skill to operate and maintain the Tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(L)    PRR did not train Radisavljevic on defensive driving techniques, including proper space management;

(M)    PRR did not conduct or require pre-trip inspections of its vehicle as

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 21 of 52

21

6.      On May 11, 2016, Radisavljevic was operating a tractor-trailer northbound on Route 49.

7.      On May 11, 2016, Radisavljevic was operating under VIPER's motor carrier operating authority transporting a load for the mutual benefit of Kraft, Evans, Land Trans, Viper, and PRR.

8.      At all times relevant herein, Land Trans had entered into and was working pursuant to an agreement with Kraft, for the mutual benefit of Kraft and Land Trans.

9.      At all times relevant herein, Evans was a broker who entered into an agreement with Viper, for the mutual benefit of Land Trans, Evans and Viper.

10.     At the time of the occurrence, PREDRAG RADISAVLJEVIC was operating a tractor-trailer under the motor carrier authority of Viper, transporting Kraft's freight, pursuant to the aforesaid agreements with Land Trans and Evans.

11.     Radisavljevic had a duty to following state traffic laws and to operate the tractor-trailer in a reasonable and safe manner as a professional commercial driver should under the circumstances.

12.     At the time of the collision, Radisavljevic breached his duty and was operating the tractor-trailer in an unreasonably, unsafe, and negligent manner. Specifically, Radisavljevic breached his duty by failing to use that degree of care that a professional commercial driver of ordinary prudence would have used under the same or similar circumstances.

13.     Plaintiff herein incorporates the rhetorical paragraphs in Counts I and V, as if fully stated herein.

14.     As a direct and proximate result of the foregoing acts and omissions, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 46 of 52

expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

15.    At all times material hereto, Defendants Evans, Viper, PRR, and Radisavljevic were acting within the course and scope of their agency or contract with Land Trans, and in furtherance of Land Trans' business interests. Land Trans is vicariously liable for the negligence of Defendants Evans, Viper, PRR, and Radisavljevic.

16.    At all relevant times, Mark was the husband of Cynthia.

17.    As a further proximate result of one or more of the above stated acts or omissions, Mark sustained the loss of services, consortium and society of his wife, Cynthia.

WHEREFORE, the Plaintiff, MARK KROFT, respectfully requests a judgment against defendant, LAND TRANSPORTATION (Division of Evans Delivery Company, Inc.), the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

**Count XXI – Mark – Loss of Consortium - Negligence – Evans Delivery Company**

NOW COMES MARK KROFT (hereinafter "Mark"), by counsel KENNETH J. LAW GROUP, LLC, and for Count XXI of his Complaint against EVANS DELIVERY COMPANY, INC. (hereinafter "EVANS") alleges and states as follows:

1.    At all times relevant herein, Viper was and is an interstate motor carrier operating within the State of Illinois.

2.    At all times relevant herein, Predrag Radisavljevic (hereinafter, "Radisavljevic"), was a professional truck driver and a resident of the County of Cook, State of Illinois.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 47 of 52

47

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 48 of 52

3.      At all times relevant herein, Land Trans was and is an interstate freight broker doing business within the State of Illinois and the County of Cook.

4.      At all times relevant herein, Evans was and is an interstate motor carrier and freight broker doing business in the County of Cook, State of Illinois.

5.      On May 11, 2016, Cynthia was driving a 2002 Ford Taurus northbound on Route 49.

6.      On May 11, 2016, Radisavljevic was operating a tractor-trailer northbound on Route 49.

7.      On May 11, 2016, Radisavljevic was operating under VIPER's motor carrier operating authority transporting a load for the mutual benefit of Kraft, Evans, Land Trans, Viper, and PRR.

8.      At all times relevant herein, Land Trans had entered into and was working pursuant to an agreement with Kraft, for the mutual benefit of Kraft and Land Trans.

9.      At all times relevant herein, Evans was a broker who entered into an agreement in the County of Cook, with Viper, for the mutual benefit of Evans and Viper.

10.     At the time of the occurrence, PREDRAG RADISAVLJEVIC was operating a tractor-trailer under the motor carrier authority of Viper, transporting Kraft's freight, pursuant to the aforesaid agreements.

11.     Evans had a duty to act reasonably in hiring, entrusting, instructing, supervising, and retaining Radisavljevic and other defendants, to transport cargo in interstate commerce and to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles were reasonably safe.

12.     Evans breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carriers.

13.     In addition, especially as a sophisticated and knowledgeable motor carrier,

48

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 49 of 52

broker, joint venturer, and/or freight forwarder, Evans knew, or should have known and should not have ignored, such facts and indications of Viper's, PRR's, and Radisavljevic's unfitness to operate safely and comply with the duties of an interstate motor carrier.

14.     As a direct and proximate result of the foregoing acts and omissions, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

15.     At all relevant times, Mark was the husband of Cynthia.

16.     As a further proximate result of one or more of the above stated acts or omissions, Mark sustained the loss of services, consortium and society of his wife, Cynthia.

WHEREFORE, the Plaintiff, MARK KROFT, respectfully requests a judgment against defendant, EVANS DELIVERY COMPANY, INC., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

**Count XXII – Mark – Loss of Consortium - Respondeat Superior – Evans Delivery Co.**

NOW COMES MARK KROFT (hereinafter "Mark"), by counsel KENNETH J. LAW GROUP, LLC, and for Count XXII of his Complaint against EVANS DELIVERY COMPANY, INC. (hereinafter "EVANS") alleges and states as follows:

1.     At all times relevant herein, Viper was and is an interstate motor carrier operating within the State of Illinois.

2.     At all times relevant herein, Predrag Radisavljevic (hereinafter, "Radisavljevic"), was a professional truck driver and a resident of the County of Cook,

State of Illinois.

3. Kraft's principal place of business is located within the State of Illinois.

4. Land Trans was and is an interstate motor carrier broker, and a division of Evans Delivery Company, Inc., operating within the State of Illinois, and County of Cook.

5. Evan Delivery Company was and is an interstate motor carrier and broker operating within the State of Illinois and County of Cook.

6. On May 11, 2016, Cynthia was driving a 2002 Ford Taurus northbound on Route 49.

7. On May 11, 2016, Radisavljevic was operating a tractor-trailer northbound on Route 49.

8. On May 11, 2016, Radisavljevic was operating under VIPER's motor carrier operating authority transporting a load for the mutual benefit of Kraft, Evans, Land Trans, Viper, and PRR.

9. At all times relevant herein, Land Trans had entered into and was working pursuant to an agreement with Kraft, for the mutual benefit of Kraft and Land Trans.

10. At all times relevant herein, Evans was a broker who entered into an agreement with Viper, for the mutual benefit of Land Trans, Evans and Viper.

11. At the time of the occurrence, PREDRAG RADISAVLJEVIC was operating a tractor-trailer under the motor carrier authority of Viper, transporting Kraft's freight, pursuant to the aforesaid agreements with Land Trans and Evans.

12. Radisavljevic had a duty to following state traffic laws and to operate the tractor-trailer in a reasonable and safe manner as a professional commercial driver should under the circumstances.

13. At the time of the collision, Radisavljevic breached his duty and was operating the tractor-trailer in an unreasonably, unsafe, and negligent manner.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 50 of 52

Specifically, Radisavljevic breached his duty by failing to use that degree of care that a professional commercial driver of ordinary prudence would have used under the same or similar circumstances.

14.    Plaintiff herein incorporates the rhetorical paragraphs in Counts I and V, as if fully stated herein.

15.    As a direct and proximate result of the foregoing acts and omissions, Cynthia sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

16.    At all times material hereto, Defendants Viper, PRR, and Radisavljevic were acting within the course and scope of their agency or contract with Evans, for Land Trans, and in furtherance of Evans and Land Trans' business interests. Evans is vicariously liable for the negligence of Defendants Viper, PRR, and Radisavljevic.

17.    At all relevant times, Mark was the husband of Cynthia.

18.    As a further proximate result of one or more of the above stated acts or omissions, Mark sustained the loss of services, consortium and society of his wife, Cynthia.

WHEREFORE, the Plaintiff, MARK KROFT, respectfully requests a judgment against defendant, EVANS DELIVERY COMPANY, INC., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 51 of 52

Respectfully submitted,

**KENNETH J. ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Bryan L. Bradley

Bryan L. Bradley

### SCR 222 CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies on behalf of plaintiffs that the total damages sought herein exceed $50,000.

Respectfully submitted,

**KENNETH J. ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Bryan L. Bradley

Bryan L. Bradley

### JURY DEMAND

Plaintiffs demand trial by jury on all Counts of their Complaint at Law.

Respectfully submitted,

**KENNETH J. ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Bryan L. Bradley

Bryan L. Bradley

ELECTRONICALLY FILED
12/1/2017 10:40 AM
2016-L-009466
PAGE 52 of 52



INJURY ATTORNEYS

www.kenallenlaw.com

☑ ALLEN LAW BUILDING:

☐ JOLIET OFFICE:

☐ MERRILLVILLE OFFICE:

☐ ORLAND PARK OFFICE:

☐ INDIANAPOLIS OFFICE:

☐ CHICAGO OFFICE: